## Dickey *v.* Baer.

1. As the request to charge the jury concluded with the proposition that if the plea of failure of consideration was sustained, the finding should be for the defendant, it was properly refused, because the action was upon a negotiable promissory note and the plaintiff claimed to be a *bona fide* purchaser before maturity for a valuable consideration and without notice of any infirmity in the consideration of the note, and this was one of the contested questions in the case.

2. Although there were some slight errors in admitting evidence, they were too inconsiderable to warrant the granting of a new trial.                                      *Judgment affirmed.*

April 23, 1894. Argued at the last term.

Complaint on note. Before Judge Smith. Wilcox superior court. March term, 1893.

Defendant gave Robinson her note payable to him or bearer, for lightning-rods put by him on her house. He sold the note to plaintiff before it was due, and plaintiff's testimony was to the effect that he bought it in good faith and without notice of any defence or that it would not be paid; while defendant's husband testified that he warned plaintiff not to trade for it, as it was not a just debt and would not be paid. The pleas to the suit upon it were, the general issue, and failure of consideration. Plaintiff testified, that he had been in the habit of purchasing these notes, and had always been careful in making such purchases, making inquiries as to the solvency of the makers of the notes, before buying them. It was objected that his custom as to other notes was not relevant or admissible; and the objection was overruled.

There was testimony for defendant that the rods were worthless, of defective material, breaking soon after be-

ing put up, and improperly fastened to the house, etc.
Robinson testified, that they were properly and substan-
tially put up and were suitable for the purpose, and
there was no better copper rod on the market. He was
allowed to testify further, over objection that the testi-
mony was irrelevant and incompetent, that thousands
of feet of these same rods were on public buildings in
Macon attached in the same way, and they gave entire
satisfaction. He also testified, that defendant never
gave him any notice that these rods needed repairing,
and that he gave a written guarantee of the rods when
he put them up. Defendant's counsel requested a charge,
that whether there was or was not a written guarantee,
the defendant could plead failure of consideration, and
that if such plea was sustained, the jury should find in
favor of defendant. The request was denied.

E. H. CUTTS and T. C. TAYLOR, for plaintiff in error.
W. B. STUBBS, contra.